John R. Crayton (JC 5755)
33 West Second Street
Moorestown, NJ  08057
(856) 727-5155
jcrayton@verizon.net
Attorney for Debtor

|                              |   |                                      |
|------------------------------|---|--------------------------------------|
| In re:                       | : | UNITED STATES BANKRUPTCY COURT       |
|                              | : | DISTRICT OF NEW JERSEY               |
|                              | : |                                      |
| Crest By The Sea, LLC,       | : | Chapter 7                            |
|                              | : | Bankruptcy No. 14-31681              |
| Debtor.                      | : |                                      |
|                              | : | Hearing Date: 11/25/2014 @ 10:00 A.M.|

**MEMORANDUM OF LAW IN SUPPORT
OF DEBTOR'S MOTION TO ENFORCE AUTOMATIC
STAY AS TO DEBTOR'S INDIVIDUAL MEMBERS,
WILLIAM LUBLIN, JAMES WALSH
<u>JOSEPH BADA, JR. AND JOSEPH CIMINERA</u>**

**I.     INTRODUCTION**

Debtor Crest by the Sea, LLC ("Debtor" or "Crest LLC"), by and through the undersigned counsel, hereby submits this Memorandum of Law in Support of this Motion to Expand Automatic Stay as to Debtor's Individual Members, William Lublin, James Walsh, Joseph Bada, Jr., and Joseph Ciminera.  The Crest LLC and its individual members seek to expand the automatic stay to the debtor's individual members because of unusual circumstances in which there is such a close relationship between them and the Debtor that the Debtor may be said to be the real party defendant in certain pending litigation, so that a judgment against the individual company members will in effect be a judgment or finding against the Debtor.

Such relief is sought in connection with two cases pending in the Superior Court of New Jersey- Cape May County.  The first case is <u>Crest by the Sea Condo. Assoc,. et. al. v. Crest by the Sea, LLC et el.</u> [Docket No. 10-491] (the "State Court Case") in which the Debtor itself, and its individual members are all named defendants.  In that action, claims were made against the

1

Debtor itself, and against Debtor's individual members for their alleged acts and omissions on behalf of the Debtor, and in which the plaintiffs expressly seek to pierce the Debtor's corporate veil, alleging that the individual members are alter egos of the Debtor. That action arises from the Debtor's development of a condominium building and sale of its units. It asserts claims that the Debtor and its individual members are responsible for concealing facts about construction defects from the purchasers of the individual condominium units and making misrepresentations to them in connection with the sale of those units. There is a common nucleus of facts asserted as a basis for liability of both the Debtor and the individual members of the Debtor, based upon actions that they allegedly performed, or failed to perform, in their capacities as members of the Debtor company. Relief is also sought in connection with an insurance declaratory judgment action captioned Evanston Ins. Co. v. Crest by the Sea Condo. Assoc,. et. al. [Docket No. 14-211] (the "Declaratory Judgment Case"), in which both the Debtor itself, and its individual members are all named defendants. The Declaratory Judgment Case relates to the denial of insurance coverage for defense and indemnification in connection with the claims in the State Court Case.

II.    **RELEVANT FACTS**

On October 24, 2014, Crest by the Sea LLC ("Crest LLC", or "Debtor") filed for Chapter 7 bankruptcy. Prior to the bankruptcy filing, in 2010, the State Court Case was filed against Crest LLC, the individual Crest Defendants, and various other entities. Trial in that case is scheduled for December 1, 2014. In addition, the Declaratory Judgment Complaint was also filed pre-petition.

2

The State Court Case arises out of claims by 18 Individual Unit Owners ("Plaintiff Unit Owners") and the Crest by the Sea Condominium Association ("Plaintiff Association") (collectively, "Plaintiffs") related to the development, design, construction, and sale of the Crest by the Sea Condominium, a five-story condominium building located at 408 E. Farragut Road, Wildwood Crest, Cape May County, New Jersey (the "Crest Project" or "Crest Building"). The Second Amended Complaint (the "Complaint") is attached as Exhibit A to this Motion. The Complaint alleges multiple causes of action against Debtor Crest LLC, which it identifies as the developer and seller of the Crest Building. The Complaint also seeks to impose personal liability on the individual members of Crest LLC, William Lublin, James Walsh, Joseph Bada, Jr., and Joseph Ciminera[1] (the "Individual Members"). The Complaint specifically seeks to hold both Crest LLC and its Individual Members liable under causes of action for Breach of Fiduciary Duty (Count 14), violation of the Planned Real Estate Development Full Disclosure Act [PREDFDA], (Count 16), Common Law Fraud (Count 19), the Consumer Fraud Act (Counts 20-21)[2], and Piercing the Corporate Veil (Count 24) (See Generally Exhibit A).[3] The Complaint also raises the following claims against Crest LLC only: Breach of Contract (Counts 1 and 2), Negligence (Counts 8 and 10), Breach of Expressed Warranties (Counts 11 and 12), Breach of Implied Warranties (Count 13), and Negligent Misrepresentation (Counts 17 and 18). Through Count 24, Plaintiffs seek to hold the Individual Members personally liable for all of these counts that were expressly asserted against Crest LLC.

---

[1] Default was previously entered against Defendant Ciminera for failure to respond or otherwise plead in response to the Complaint.

[2] In addition, Counts 22 and 23 allege that the Individual Members' liability is also based on a second level of piercing the corporate veil, alleging that Crest LLC was the alter ego of Sturdy Construction, LLC, so that the Individual Members are personally liable for acts and omissions of Crest LLC's alter ego as well. It is also noted that through summary judgment, Counts 19-23 were dismissed as to Bada only, but that counts 14, 16 and 24 remain against him.

All of the Crest Plaintiffs' claims against the Individual Members arise out of the same common nucleus of operative facts as the claims against Crest LLC, and are all of the claims are based on actions or omissions taken in their roles as members of Crest LLC:

- Count 14- Plaintiffs claim that Crest LLC and the Individual Members were both in control of the initial Board of Directors of the condominium association, were responsible for taking certain actions, and had a fiduciary duty to the plaintiffs, which was breached by failing to take those actions. (Exhibit A,. ¶¶176-190). Plaintiffs allege that Lublin, Walsh, Bada and Ciminera "were in control of establishing the [Public Offering Statement] Master Deed and By-Laws as members of Crest LLC and either held positions and/or had control over appointment of initial members of the Association [Board]." (¶176). Each allegation in this count jointly refers to Crest LLC and the Individual Members. Id.

- Count 16- Plaintiffs allege that Crest LLC made certain misrepresentation and omissions in violation of PREDFDA, including misrepresentation and omission from an administrative documents known as the Public Offering Statement, and that the Individual Members are personally liability "in their capacities as members of Crest LLC as developer" (¶ 207). Thus, in order to establish liability against the Individual Members, the Crest Plaintiffs would have to prove liability against Crest LLC, the Debtor.

- Count 19- Plaintiff allege that Crest LLC made certain representations to the Plaintiffs, that Crest LLC concealed information about pre-closing structural defects from the Plaintiffs, that the Plaintiffs relied on such misrepresentations to

4

their detriment (¶¶232-241). Plaintiffs allege that the Individual Members are liable only in connection with Crest LLC's acts and omissions, alleging that "the principals and members of Crest LLC either directly participated in the acts of misrepresentation and concealment or were aware that they were occurring and had the ability to cause them to cease and/or to provide full and accurate disclosure to the Plaintiff Unit Owners, but did not do so." (¶238)

- Count 20- Plaintiffs alleged that Crest LLC as the seller made false representations to the Plaintiffs to induce the sale in violation of the Consumer Fraud Act (¶¶243-250).  As to the Individual Members, Plaintiffs alleged that they were principals, members or otherwise in control of Crest LLC and participated in the representations made by Crest LLC (¶248).

- Count 21- Plaintiffs alleged that Crest LLC was aware of deviations in the Building which it concealed form the Plaintiffs in violation of the Consumer Fraud Act (¶¶252-258).  As to the Individual Members, Plaintiffs alleged that they were principals, members or otherwise in control of Crest LLC and participated in or had control over the Crest LLC's concealment of facts (¶255).[4]

- Count 24: Plaintiffs allege that Lublin, Walsh, Bada and Ciminera controlled Crest LLC, and ask that Crest LLC's corporate veil be pierced to reach its alleged alter egos, including Lublin, Walsh, Bada and Ciminera (¶296) and seek to hold Lublin, Walsh, Bada and Ciminera personally liable for any liability imposed on Crest LLC.

---

[4] Counts 22-23 are based on the same facts as Counts 20-21, except that they allege that Sturdy Construction made the representations and/or concealed information from Crest LLC, and that the corporate veil between Crest LLC and Sturdy Construction, LLC should be pierced that Lublin, Walsh, Bada, and Ciminera would be liable as of Sturdy Construction (¶¶259-279).

Plaintiffs ask that that Crest LLC and the Individual Members be held jointly and severally liable for Plaintiffs damages (see generally Exhibit A).

In addition to the allegations in the Complaint, the common facts that the Plaintiffs are relying on as the basis for their claims against both the Debtor and its Individual Members (based upon their acts and omissions in their capacity as members of the Debtor) are more fully developed in Plaintiffs' Opposition brief to Lublin and Walsh's Motion for Summary Judgment (see attached Exhibit C). For example, Plaintiffs allege that Lublin and Mr. Walsh "were managing members and as such were responsible for the acts and omissions of Crest by the Sea LLC." (p.21); that Lublin and Walsh, as managing members of Crest LLC made decisions on how to use Crest LLC's money to the detriment of the Plaintiffs (p. 12-13, 22-23), and that Lublin and Walsh knew about a structural problem in the Building, but did not make any effort to notify the purchasers of that problem prior to sale of the condominium units (p.10).

The State Court Case is schedule for a trial on December 1, 2014. There are also at least three hearings, depositions, or motions pending this case- (1) Friday, October 31, 2014- a hearing on the 9 motions in limine filed by the Crest Defendants and the 1 motion in limine filed by the Crest Plaintiffs in claims against the Crest Defendants; (2) Friday, November 21, 2014- video trial deposition of lay witness Jack Leahy (scheduled by the Crest Defendants); and (3) a motion in limine filed by defendant Robert Rosen and Rosen Associates against Debtor, which has not yet been assigned a return date. The Declaratory Judgment Case, was filed in May of 2014 (see Exhibit B). That action arises out of the State Court Case, and denies insurance coverage and the obligation to defend and indemnify the Debtor and the Individual Members against the allegations in the State Court Case Complaint. Thus, the Declaratory Judgment Case involves the same common nucleus of operative facts about the construction of the building, claims of related misrepresentation and fraud, the relationship between the Debtor and the Individual

6

Members, and claims of alter ego liability under a veil piercing theory. Discovery is currently being conducted in that action.

    III.    ARGUMENT

        **A. The Bankruptcy Code's Automatic Stay Applies to any Debtor and Any Non-Debtor Third Party with a Close Relationship to Debtor.**

The bankruptcy court has broad powers and "may issue any order, process, or judgment that is necessary or appropriate to carry out" any portion of the bankruptcy law. 11 USC § 105(a). Under the Bankruptcy Code, the moment a debtor files a petition for bankruptcy, that petition stays all proceedings applicable to the debtor. The automatic stay provision of 11 U.S.C. § 362 requires that, upon filing of a bankruptcy petition, a stay is enacted of

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 USC § 362; McCartney v. Integra Nat'l Bank North, 106 F.3d 506, 510 (3d Cir. 1997); In re Stewart Adler, 494 B.R. 43, 57 (Bankr.E.D.N.Y. July 11, 2013).

While the automatic stay will usually apply to the debtor only, an automatic stay should also be expanded to include nondebtor third parties in those "unusual circumstances" when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." McCartney v. Integra Nat'l Bank North, 106 F.3d 506, 510 (3d Cir. 1997) (internal citations omitted) (upholding bankruptcy court conclusion that automatic stay against individual debtor extended to corporation because debtor guaranteed loan to corporation and secured such loan with a mortgage lien on debtor's personal home); In re

S.I. Acquisition, Inc., 817 F.2d 1142, 1148 (5th Cir. 1987) ("when the liability of the nonbankrupt is not independent of the debtor's liability and a judgment against the nonbankrupt will be binding upon the debtor's estate, the stay protection must be extended to encompass actions against the nonbankrupt."). In the instant case, such "unusual circumstances" are present, because there is such identity between the Debtor and its Individual Members that the Debtor may be said to be the real party defendant and that a judgment against the Individual Members will in effect be a judgment or finding against the Debtor. Both the Debtor and the Individual Members are named defendants in the State Court Case, the same legal claims are asserted against both of them, and the same common nucleus of facts arising from the Individual Members acts and omissions as members of the Debtor is asserted and relied upon by the Plaintiffs as a basis for liability of both the Debtor and the Individual Members. For example, for the State Court Case Plaintiffs to prevail against the Individual Members based upon their corporate veil piercing claim, they necessarily have to find that Crest LLC itself is liable, because misrepresentations were made, facts were concealed, or fraud was committed by Crest LLC, and that the Individual Members are personally responsible for those acts because they dominated and controlled the company. See Plaintiffs allegations in their Opposition to Lublin and Walsh's Motion for Summary Judgment, that they were managing members and as such were responsible for the acts and omissions of Crest by the Sea LLC; that as managing members of Crest LLC, they made decisions on how to use Crest LLC's money to the detriment of the Plaintiffs; that as managing members, they knew about and concealed a structural problem in the Building). (See Exhibit C, pp. 10, 12-13, 21-23).

In seeking to pierce the corporate veil against the Individual Members, the State Court Case Plaintiffs alleged that the Individual Members were the alter ego of the Debtor, and federal

8

courts have applied the automatic stay to nondebtor third parties alleged to be alter egos of the debtor.  See In re Expert South Tulsa LLC , 506 B.R. 298 (Bankr. D.Kansas 2011) (bankruptcy automatic stay applied to both state court action against debtor corporation and post-petition alter ego claim against debtor's sole members); In re Eagle Enterprises, 265 B.R. 671 (Bankr. E.D.Pa. 2001) (affirming bankruptcy court decision denying appellant's request for relief from the automatic stay to assert a claim against alleged alter ego of debtor, holding that appellant's proposed claims were subject to the automatic stay); In re Stewart Adler, 494 B.R. 43 (state court decision finding individual debtor's alter ego corporation liable and its judgment thereon constituted a post-petition judgment against the debtor on a prepetition claim).

      The practical reasons for expanding the automatic stay to alleged non-debtor alter egos of the debtors are set forth in detail by the United States Bankruptcy Court for the Southern District of New York in In re Stewart Adler, 494 B.R. 43 (Bankr.E.D.N.Y. July 11, 2013).  There, the Court held that an automatic stay as to an individual debtor was violated when a state court case went forward after against the corporation, even after the state court judge severed the individual claim from the case, because the state court held that the corporation was an alter ego of the individual debtor and then entered judgment against the corporation.  The bankruptcy court held that the state court judgment was null and lacking in legal effect because it violated the stay.  Id. at 53.  This result was required because once the state court pierced the corporate veil of the non-debtor corporation, it thus found that the debtor and the alter ego corporation "were at all relevant times one and same entity," and therefore the automatic stay applied retroactively to both the individual debtor and the corporation, at the moment of the debtor's filing of his bankruptcy petition.  Id.  The court explained that an automatic stay will work to shield alleged alter egos even if such non-bankrupt party has not yet been adjudged to be an alter ego; as long as the facts supporting the alter ego or piercing the corporate veil claim arose prepetition.  Id. at

Case 14-31681-ABA    Doc 3    Filed 10/24/14    Entered 10/24/14 17:59:32    Desc Main
                     Document      Page 10 of 15

58. Thus, an automatic stay is violated if when (1) the non-debtor members are "found liable for a prepetition debt on a cause of action asserted in a post-petition proceeding", and (2) the veil between the debtor and the non-debtor members has been pierced Id.

Under the circumstances of the instant case in which the Individual Members of Crest LLC have been named as defendants in the State Court Case, as alter egos of the Debtor under a corporate veil piercing theory, presentation of evidence to prove liability of those Individual Members will necessarily prove liability of the Debtor because of the close relationship and identity between the Debtor and those Individual Members, so that the a judgment against the Individual Members will in effect be a judgment or finding against the Debtor.  Under such unusual circumstances, the automatic stay must be expanded to include the State Court Case against the Individual Members as well as against the Debtor.  Similarly, the Declaratory Judgment Action, which denies coverage based upon the allegations in the State Court Case Complaint, relies upon the same common nucleus of operative facts about the relationship between the Debtor and the Individual Members and claims of alter ego liability under a veil piercing theory, so that the automatic stay should be expanded to the Individual Members in that litigation as well.

> **B. The Court should Grant the Motion to Expand Automatic Stay as to Debtor's Individual Members Because the Complaint in the State Court Action Contains Allegations that Essentially Require a Judgment Against Debtor in Order to Pursue Claims Against its Individual Members.**

In the State Court Case, the Crest Plaintiffs have asserted claims and allegations against both the Debtor and the Individual Members that, if proven, would create a shared identity between them, such that any judgment against the Individual Members would become a judgment against the Debtor.  While the Crest Defendants dispute that there is sufficient evidence to hold the Individual Members personally liable, the risk remains that any judgment

against them would violate the stay against Debtor. Plaintiffs allege that Debtor and the Individual Members are alter egos and make specific allegations against the Individual Members based on their acts and omissions on behalf of Debtor.

First, any judgment against the Individual Members under the veil piercing theory would require a binding decision as to Debtor's liability. In Count 24 of the Complaint, the Crest Plaintiffs seek equitable relief against the Individual Members as to all counts against Crest LLC by piercing the corporate veil of Crest LLC. Plaintiffs allege that Lublin, Walsh, Bada and Ciminera controlled Crest LLC, and ask that Crest LLC's corporate veil be pierced to reach its alleged alter egos, including Lublin, Walsh, Bada and Ciminera (¶296), and seek to hold Lublin, Walsh, Bada and Ciminera personally liable for any liability imposed on Crest LLC. As pled, the corporate veil claim is a form of relief that would be imposed if Debtor Crest LLC is found liable under any of the other counts in the complaint. Thus, any relief awarded to the Plaintiffs against the Individual Members under this count requires a finding that Debtor was liable under at least one of the underlying causes of action against it. In this way, the claims against the Individual Members are derivative of the claims against Debtor. Therefore any claims against the Individual Members under a veil piercing theory would require the Crest Plaintiffs to prove their case and thus enter a judgment against the Debtor as well.

Furthermore, in order the pierce the corporate veil in New Jersey, a party must establish that (1) the corporation was dominated by the stockholder. See State, Dept. of Environ. Protect. v. Ventron Corp. et al, 94 N.J. 473, 500-01 (1983); Canter v. Lakewood of Voorhees et al., 420 N.J. Super. 508, 519 (App. Div. 2011); and (2) "adherence to the fiction of a separate corporate existence would perpetrate fraud or injustice or otherwise circumvent the law." Verni ex rel. Burstein v. Harry M. Stevens, Inc. of New Jersey et al, 387 N.J. Super 160, 200 (App. Div. 2006) (quoting Ventron, 94 N.J. at 500-01). Thus, proof against the Individual Members would

necessarily require proof that they dominated the Debtor, and that their actions would perpetrate a fraud or injustice, and since all of their acts and omissions are alleged to have occurred in their capacity as general and/or managing members of Crest LLC, such proof of their personal liability would necessarily require a finding that the Debtor was liable as well.  Thus, a finding by the court that the Individual Members are alter egos of the Debtor, would mean that they become one and the same with the Debtor, and the corporate veil judgment would immediately violate the automatic stay against the Debtor itself, and make such judgment null and void.  See In re Stewart Adler, 494 B.R. at 53.

Second, for the state court to find Lublin, Walsh, Bada or Ciminera liable under counts 14, 16, or 19-21, it will have to first find that Debtor committed a wrongful act.  In the pre-petition Complaint, the Crest Plaintiffs asserted causes of action against both the Debtor and the Individual Members for Breach of Fiduciary Duty (Count 14), PREDFDA, (Count 16), Common Law Fraud (Count 19), and the Consumer Fraud Act (Counts 20-21).  In each of these counts, the allegations and facts forming the bases of the claims are substantially the same as to both Crest LLC and as to the Individual Members.  Further, any liability of the Individual Members is based on their roles in connection with, and their control over the Debtor's alleged wrongful act.  For example, the claims against in the Individual Members based on PREDFDA (Count 16), are based entirely on the actions of Crest LLC.  PREDFDA makes a developer, in this case, alleged as Crest LLC, liable.[5]  PREDFDA does not make individual members liable for their own

---

[5] Section 17 of PREDFDA states:

> Any developer disposing of real property subject to this act who shall violate any provisions of section 6 hereof, or who in disposing of such property makes an untrue statement of material fact or omits a material fact from any application for registration, or amendment thereto, or from any public offering statement, or who makes a misleading statement with regard to such disposition, shall be liable to the purchaser for double damages suffered, and cost costs expended, including

personal acts committed in a capacity outside their relationship to the developer (Debtor Crest LLC), but makes them liable if they are controlling members of the developer.[6] Plaintiffs' allegations as to both Crest LLC and as to the Individual Members are the same in these counts. Plaintiffs allege that Crest LLC made certain misrepresentation and omissions, and that the Individual Members are personally liable "in their capacities as members of Crest LLC as developer" (¶ 207). Thus, in order to establish liability against the Individual Members, the Crest Plaintiffs would have to prove liability against Crest LLC, the Debtor.

Similarly, Counts 19-21 are all based on alleged misrepresentations made by Crest LLC to the Plaintiffs, or the concealment of information by Crest LLC to the Plaintiffs, and Individual Members Lublin and Walsh's alleged liability in these counts is based on their alleged participation in Crest LLC's misrepresentations and concealment (¶¶238, 248, 255). All the allegations are based on the same common nucleus of operative facts about the condition of the building which Crest LLC developed, representations about that condition made by Crest LLC to

---

reasonable attorney's fees, unless in the case of an untruth, omission, or misleading statement such developer sustains the burden of proving that the purchaser knew of the untruth, omission or misleading statement, or that he did not rely on such information, or that the developer did not know and in the exercise of reasonable care could not have known of the untruth, omission, or misleading statement.

[6] Section 17(c) of PREDFDA provides:

Every person who directly or indirectly controls a development or developer liable under subsection a., every general partner, officer, or director of a developer, and every person occupying a similar status or performing a similar function, shall also be liable jointly and severally with and to the same extent as such developer, unless the person otherwise liable sustains the burden of proof that he did not know and in the exercise of reasonable care could not have known of the existence of the facts by reason of which the liability is alleged to exist. There is a right to contribution as in cases of contract among persons so liable.

N.J. Stat. § 45:22A-37(c).

the Plaintiffs, and the Lublin and Walsh's responsibility for such representation due to their positions as managing members of Crest LLC. Plaintiffs further request that liability be joint and several between Debtor and the Individual Members on all of these counts.[7] Thus, because such claims are derivative and do not attached to the Individual Members without a finding as the Crest LLC's liability, the allegations present such unusual circumstances require that the automatic stay be expanded to the non-debtor members of the Debtor company.

Because Count 24 of the State Court Case seeks to pierce the corporate veil against the Individual Members as alter egos of the Debtor, any judgment at trial against the Individual Members will effectively be a judgment or finding against the Debtor, accord McCartney, 106 F.3d at 510, and therefore would violate the automatic stay. Furthermore, since counts 14, 16, and 19-21 require a finding that Crest LLC is liable before finding Lublin, Walsh, Bada, or Ciminera liable for their respective roles as members of Crest LLC, any judgment against the Individual Members will effectively be a judgment or finding against the Debtor. Therefore, the automatic stay must be expanded by this Court to apply to Debtor's Individual Members in the State Court Case, and in the exercise of its sound discretion, the Court should grant the within Motion to Expand the Automatic Stay.

Furthermore, the Declaratory Judgment Complaint names both the Debtor and the Individual Members as defendants, and is based upon the underlying complaint in the State Court Case, the same derivative issues would require a finding and judgment against the Debtor in order to impose findings and a judgment on the Individual Members. Therefore, for the same reasons, the Declaratory Judgment case should also subject to the automatic stay with respect to its claims against the Individual Members and the within Motion should be granted.

---

[7] Count 14 creates the same identify of interest between the Debtor and the Individual Members, alleging that the Individual Members were responsible for their acts and omissions in connection with their membership in the Debtor company, as the developer.

A. **CONCLUSION**

WHEREFORE, for the reasons set forth above, Debtor Crest by the Sea, LLC hereby requests that this Honorable Court grant their Motion to Expand the Automatic Stay as to Debtor's Individual Members, William Lublin, James Walsh, Joseph Bada, Jr. and Joseph Ciminera in the pending state court litigation captioned <u>Crest by the Sea Condo. Assoc,. et. al. v. Crest by the Sea, LLC et el.</u> [Superior Court of Cape May County, Docket No. 10-491] and in the pending declaratory judgment litigation captioned <u>Evanston Ins. Co. v. Crest by the Sea Condo. Assoc,. et. al.</u> [Superior Court of Cape May County, Docket No. 14-211].

    Respectfully submitted,

Dated: October 24, 2014    By: /s/ John R. Crayton
    John R. Crayton, Esq.
    33 West Second Street
    Moorestown, NJ 08057
    (856) 727-5155
    jcrayton@verizon.net
    Attorney for Debtor